UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
08-40034-FDS

UNITED STATES OF AMERICA

v.

BISWAMOHAN PANI

ORDER ON PENDING MOTIONS

October 4, 2010

SOROKIN, M.J.

Defendant filed a motion to amend the protective order to "accommodate the concerns of the Defendant's expert(s)." Docket #85 at 1.  Essentially, based upon a request from at least one of Defendant's experts, Defendant seeks to modify the patent bar in both paragraphs 3(a) and 4(b), with the language in bold, as follows:

> Additionally, any person who receives and/or reviews any discovery materials shall not participate, directly or in supervisory, strategic, consultative or advisory roles, or direct or assist and third party, in the preparation or prosecution (including reexamination proceedings) of any patent application or patent license (whether governed by the United States or foreign patent laws) relating to the architecture, microarchitecture, design, development, manufacture, fabrication, and/or process for any aspect of 32nm, 28nm, 22nm and /or 64b microprocessor technology, including but not limited to circuitry, software or firmware used in such microprocessor technology, **based upon information and/or knowledge directly or indirectly derived from such review of the discovery materials,** from the time of receipt of such information through and including one year following the conclusion of this case, including the inclusion of any and all appeals associated with this case.

Docket #85 at 2 (emphasis in Defendant's original)

Both the Government and the victim in this case, Intel, opposed the Defendant's request, pointing out that the request amounted to relitigation of the very issue the Court considered in

crafting the protective order – whether a patent bar was required or whether an order prohibiting use of discovery information sufficed.  Because Defendant's motion indicates that its chosen expert will not sign the protective order as drafted, the issue merits further consideration.  In particular, the parties had set out vastly different views of the technical significance and/or value of the information the Defendant allegedly stole from Intel.  Accordingly, the Court ordered the Government to file an affidavit or equivalent evidence describing the nature or significance of the information.  The Government has made that filing and the Defendant responded.

The information submitted by the Government and Intel persuades the Court that at least some of the information allegedly stolen by the Defendant – the information that the protective order guards – is current (i.e. not outdated) highly technical information set out, at least in some documents, in great detail.  Intel had also taken substantial steps to protect the information, which would appear to have a significant competitive value.  A patent bar as compared to a prohibition on direct/indirect use provides a clearer line both prospectively, to protect the information, and retrospectively, in the event of an allegation of a violation of the protective order.  The value, type and complexity of the information in this case warrant the protection of the patent bar.  The bar eases both the expert's and the court's evaluation of what use of information or what activities are permitted.  Revising the Order to impose only a use limitation, as suggested by Defendant,[1] will likely lead to protracted and difficult disputes over possible indirect use of or benefit from the information.  In addition,  the Court notes that patent bars are not uncommon in cases involving valuable highly complex technical information.

---

[1]   While I recognize that Defendant's proposal leaves in place a patent bar, the bar itself is limited by the use of information language.

Insofar as Defendant suggests that no expert will assist his defense absent the change he seeks, the Court is unpersuaded of this assertion on the present record. Defendant also argues that he is proposing merely reasonable modifications to the order to enable the chosen expert, Dr. Bulsara, to be able to continue to earn a living after signing the bar. The Court recognizes that the issue presents potentially competing interests between the defendant and the Government or Intel. The Court calibrated a resolution fashioned to protect Intel's information while enabling the Defendant to mount his defense. The Court is not persuaded that the resolution requires change. Accordingly, Defendant's Motion is DENIED.

## CONCLUSION

The Motion for a Protective Order is DENIED (Docket #85).

The Motion to Require Defendant to State Whether he Waives Potential Conflict (Docket #87) shall be terminated by the Clerk. In response to the Motion, the Court held a hearing on July 13, 2010 at which it inquired of the Defendant regarding the possible conflict and provided the defendant an opportunity to consider the possible conflict and consult with counsel of his choice before making a decision as to whether to waive. On July 20, 2010 the Defendant filed a written waiver of the potential conflict which was signed by the Defendant as well as both counsel of record.

A separate Final Status Conference Report will issue today returning this case to the District Judge.

                                                 / s / Leo T. Sorokin

                                                 LEO T. SOROKIN

                                                 UNITED STATES MAGISTRATE JUDGE